# Milwaukee County Case Number 2025CV010137 Ronald Tesch vs. Financial Recovery Services, Inc.

## Case summary

| Filing date | Case type | Case status |
|---|---|---|
| 11-24-2025 | Civil | Open - Electronic filing |

| Class code description | Responsible official | Branch ID |
|---|---|---|
| Money Judgment | Morales-42, Reyna | 42 |

### Party summary

| Party type | Party name | Party status |
|---|---|---|
| Plaintiff | Tesch, Ronald | |
| Defendant | Financial Recovery Services, Inc. | |

## Parties

### Plaintiff: Tesch, Ronald

| Date of birth | Sex | Race |
|---|---|---|
| | | |

**Address (last updated 11-24-2025)**
2137 W College Ave., TRLR 335, Oak Creek, WI 53154 US

#### Attorneys

| Attorney name | Guardian ad litem | Entered |
|---|---|---|
| Blythin, John D. | No | 11-24-2025 |
| Ademi, Daut | No | 11-24-2025 |

### Defendant: Financial Recovery Services, Inc.

| Date of birth | Sex | Race |
|---|---|---|
| | | |

**Address (last updated 11-24-2025)**
1345 Mendota Heights Road, Suite 100, Mendota Heights, MN 55120 US

## Court record

| Date | Event | Court official | Court reporter | Amount |
|---|---|---|---|---|
| 11-24-2025 | Filing fee paid | | | $304.00 |

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| | **Additional text:** | | | |
| | Adjustment Number: 25A 156481, | | | |
| | Payable Number: 1277861, | | | |
| | Receipt Number: 25RP046602, | | | |
| | Amount: $304.00 | | | |
| | | | | |
| 11-24-2025 | Case initiated by electronic filing | | | |
| 11-24-2025 | Summons and complaint | Morales-42, Reyna | | |

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **MILWAUKEE COUNTY**
**CIVIL DIVISION**

---

RONALD TESCH,
2137 W College Ave., TRLR 335,
Oak Creek, WI 53154

        Plaintiff,

        v.

FINANCIAL RECOVERY SERVICES, INC.
1345 Mendota Heights Road, Suite 100,
Mendota Heights, MN 55120

        Defendant.

**SUMMONS**

Case No.: _____

Classification Code: 30301

**<u>Jury Trial Demanded</u>**

Amount claimed is greater than the
amount under Wis. Stat.
§ 799.01(1)(d).

---

THE STATE OF WISCONSIN, To each person named above as a Defendant:

    You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal

action against you. The Complaint, which is attached, states the nature and basis of the legal action.

    Within forty-five (45) days of receiving this Summons, you must respond with a written

Answer, as that term is defined in Chapter 802 of the Wisconsin Statutes, to the Complaint. The

Court may reject or disregard an Answer that does not follow the requirements of the Statutes.

The Answer must be sent or delivered to the Court, whose address is: Clerk of Courts, 901 North

9th Street, Milwaukee, Wisconsin 53223, and to Plaintiff's attorney, whose address is Ademi

LLP, 3620 East Layton Avenue, Cudahy, Wisconsin 53110. You may have an attorney help or

represent you.

If you do not provide an answer within forty-five (45) days, the Court may grant Judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A Judgment may be enforced as provided by law. A Judgment awarding money may become a lien against any real estate you own now or in the future and may also be enforced by garnishment or seizure of property.

Dated: November 24, 2025                    ADEMI & FRUCHTER LLP

                                            By: *Electronically signed by Daut Ademi*
                                                 Daut Ademi (SBN 1122701)
                                                 *Attorney for Plaintiff*

Mailing address:
3620 East Layton Avenue
Cudahy, Wisconsin 53110
Phone No.: 414-482-8000

| STATE OF WISCONSIN | CIRCUIT COURT | MILWAUKEE COUNTY |
|---|---|---|
| | CIVIL DIVISION | |

| | |
|---|---|
| RONALD TESCH, Individually and on Behalf of All Others Similarly Situated, | **CLASS ACTION COMPLAINT** |
| Plaintiff, | |
| v. | |
| FINANCIAL RECOVERY SERVICES, INC., | Case No.: _____ |
| Defendant. | Classification Code: 30301 |

COMES NOW Plaintiff, by his Attorneys, Ademi & Fruchter LLP, and for a cause of action, states as follows:

## INTRODUCTION

1.      This class action seeks injunctive relief for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2.      The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to Wis. Stat. § 801.05(3). Defendant's collection activities were directed at Wisconsin residents in Wisconsin. Venue in Milwaukee County is proper because the claim arose in Milwaukee County, and Defendant attempted to collect a debt in connection with a consumer transaction that occurred in Milwaukee County. Wis. Stat. § 801.50.

## PARTIES

3.      Plaintiff Ronald Tesch is an individual who resides in Milwaukee County.

4.      Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

5.      Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that Plaintiff's debt arose from an agreement, or series of agreements, to defer payment.

6.      Defendant Financial Recovery Services, Inc. ("Financial Recovery") is a foreign company with its primary offices located at 1345 Mendota Heights Road, Suite 100, Mendota Heights, MN 55120.

7.      Financial Recovery does substantial business in Wisconsin and has designated its registered agent in Wisconsin for the service of process as CT Corporation System 301 S. Bedford St., Suite 1, Madison, WI 53703.

8.      Financial Recovery is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.      Financial Recovery is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

10.     Financial Recovery is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

11.     On or about February 17, 2025, Plaintiff received a debt collection letter from Financial Recovery regarding an alleged debt. A copy of this letter is attached to this complaint as Exhibit A.

4

12.     Upon information and belief, the debt collection letter is attempting to collect an alleged debt on behalf of "DISCOVER BANK."

13.     Upon information and belief, the alleged debt referenced in Exhibit A was incurred by use of a credit card which was used only for personal, family, or household purposes.

14.     Upon information and belief, Exhibit A is a form letter, generated by computer, with the information specific to Plaintiff inserted by computer, used by Defendant to attempt to collect alleged debts.

15.     Exhibit A contains the following representation:

*****Payments are an option*****
As you have not resolved this account, we are extending to you another option.
In an effort to allow you more time to get your finances in order, we will agree to accept $25.00 per month for the next three months.
At the end of the three months the arrangement will be reviewed and hopefully you will be able to pay the remaining balance in full.

16.     Exhibit A thus states that the consumer may enter a three-month "arrangement" that, after concluding, could allow the consumer to "...be able to pay the remaining balance in full."

17.     Upon information and belief, the idea that Financial Recovery would "agree to accept" payments of $25.00 "for the next three months" is a sham.

18.     Notwithstanding Exhibit A, Financial Recovery would accept any payment in any amount at any time. This includes payments of less than $25.00.

19.     Upon information and belief, Financial Recovery would not return any payment received from any consumer who received Exhibit A.

20.     The claim in Exhibit A that "the arrangement will be reviewed" after three months is also false, misleading, and deceptive. That language implies that after three $25.00 payments, FRS would only accept full payment of the remaining balance.

5

21.     Upon information and belief, Financial Recovery would continue to accept any payment in any amount at any time, and no meaningful "review" of the consumer's account, beyond servicing the account in the normal course of business, would take place.

22.     Exhibit A is therefore confusing and deceptive to the unsophisticated consumer because the consumer would wrongly believe that $25.00 was the minimum payment amount that Financial Recovery would accept.

23.     Exhibit A also creates a false and misleading sense of urgency to make the first $25.00 payment within the month that the consumer receives Exhibit A, when in fact, Financial Recovery would accept from the consumer any payment of any amount at any time.

24.     Plaintiff was confused and misled by Exhibit A.

25.     The unsophisticated consumer would be confused and misled by Exhibit A.

### *The FDCPA*

26.     Congress has described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

27.     The Seventh Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." *Avila v. Rubin*, 84 F.3d 222, 227 (7th Cir. 1996); *Gammon v. GC Services, LP*, 27 F.3d 1254, 1257 (7th Cir. 1994). The standard is an objective one—whether the plaintiffs or any class members were misled is

6

not an element of a cause of action. *Bartlett v. Heibl,* 128 F.3d 497, 499 (7th Cir. 1997). "The question is not whether these plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collections Inc.,* 754 F. Supp. 383, 392 (D. Del. 1991).

28. Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§ 1601 *et seq.,* the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc.,* 839 F. Supp. 941, 944 (D. Conn. 1993).

29. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

30. 15 U.S.C. § 1692e(2)(a) specifically prohibits the misrepresentation of "the character, amount, or legal status" of an alleged debt.

31. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

### *The WCA*

32. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

33. Recognizing existing laws did not protect consumers in a manner consistent with the continuation of a realistic credit economy, the Wisconsin legislature enacted the Wisconsin Consumer Act to protect consumers against unfair, deceptive, and unconscionable business practices, and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2); Thomas D. Crandall, "The Wisconsin Consumer Act: Wisconsin Consumer Credit Laws Before and After," 1973 Wis. L. Rev. 334, 334-35 (1973).

7

34.     To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies, and instructs that these protections must be "liberally construed and applied" in order "to induce compliance with the WCA and thereby promote its underlying objectives." Wis. Stat. §§ 421.102(1), 425.301; *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983).

35.     To further the objectives underlying the WCA, the Wisconsin legislature has empowered the Wisconsin Department of Financial Institutions and the Wisconsin Department of Justice to bring actions against any person who violates the WCA, and has further provided Wisconsin consumers with an array of protections and legal remedies, including a private cause of action to temporarily or permanently enjoin conduct that violates the WCA or the federal consumer credit protection act and recover classwide statutory, actual, and punitive damages on behalf of all consumers who suffer similar injuries. Where a consumer seeks injunctive or declaratory relief, the WCA provides that "it shall not be a defense to an action brought under this section that there exists an adequate remedy at law." *See* Wis. Stats. §§ 421.102(1), 425.301, 425.401, 426.109(1), 426.110(1); 426.110(4)(e), 426.301.

36.     The private cause of action is essential to deterring violations and furthering the WCA's underlying objectives:

> The provisions of the WCA for private enforcement through the use of civil legal remedies by the individual consumer are some of the most important sections of the Act. The function of private enforcement is both to secure the rights of the individual and simultaneously to assist public authorities in achieving compliance for the ultimate benefit of all consumers.

Thomas D. Crandall, "Wisconsin Consumer Credit Laws Before and After the Consumer Act," 1973 Wis. L. Rev. 334, 376-77.

8

37.     Thus, private actions under the WCA benefit not only consumers whose rights have been violated and competitors of the violators, whose competitive advantage should not be diminished because of their compliance with the law, but also the public authorities and the public generally, who would otherwise be burdened with the costs of using public resources to achieve compliance.

38.     Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

39.     Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

40.     Wis. Stat. § 421.108 provides: "Every agreement or duty within chs. 421 to 427 imposes an obligation of good faith in its performance or enforcement. 'Good faith" means honesty in fact in the conduct or transaction concerned and the observance of reasonable commercial standards of fair dealing."

41.     Wis. Stat. § 426.110 provides, in relevant part:

(1) … [A]ny customer affected by a violation of chs. 421 to 427 and 429 or of the rules promulgated pursuant thereto or by a violation of the federal consumer credit protection act, or by conduct of a kind described in sub. (2), may bring a civil action on behalf of himself or herself and all persons similarly situated, for actual damages by reason of such conduct or violation, together with penalties as provided in sub. (14), reasonable attorney fees and other relief to which such persons are entitled under chs. 421 to 427 and 429. […]

9

(2) Actions may be maintained under this section against any person who in making, soliciting or enforcing consumer credit transactions engages in any of the following kinds of conduct:

…

(c) False, misleading, deceptive, or unconscionable conduct in enforcing debts or security interests arising from consumer credit transactions.

## COUNT I - FDCPA

42. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

43. By stating that Financial Recovery would "agree to accept" payments of $25.00 "for the next three months," when in fact, Financial Recovery would accept payments in any amount at any time from Plaintiff, Exhibit A includes representations which are false, deceptive, and misleading as to the character, legal status, and identity of Plaintiff's alleged debt.

44. By stating that "the arrangement will be reviewed" after three months when in fact, Financial Recovery would continue to accept any payment in any amount at any time, and no meaningful "review" of the consumer's account would take place, Exhibit A includes representations which are false, deceptive, and misleading as to the character, legal status, and identity of Plaintiff's alleged debt.

45. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10).

## COUNT II - WCA

46. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

47. By stating that Financial Recovery would "agree to accept" payments of $25.00 "for the next three months," when in fact, Financial Recovery would accept payments in any

10

amount at any time from Plaintiff, <u>Exhibit A</u> includes representations which are false, deceptive, and misleading as to the character, legal status, and identity of Plaintiff's alleged debt.

48.     By stating that "the arrangement will be reviewed" after three months when in fact, Financial Recovery would continue to accept any payment in any amount at any time, and no meaningful "review" of the consumer's account would take place, <u>Exhibit A</u> includes representations which are false, deceptive, and misleading as to the character, legal status, and identity of Plaintiff's alleged debt.

49.     Defendant violated Wis. Stat. §§ 421.108 and 426.110.

<b><u>CLASS ALLEGATIONS</u></b>

50.     Plaintiff brings this action on behalf of a class consisting of:

(a) all natural persons in the state of Wisconsin, (b) to whom Financial Recovery mailed a collection letter in the form of <u>Exhibit A</u> (c) from November 24, 2024 through the present, and (d) which letter was not returned by the postal service.

51.     The class is so numerous that joinder is impracticable.

52.     Upon information and belief, there are more than 50 members of the class.

53.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

54.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

55.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

56.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

11

57.     Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## JURY DEMAND

58.     Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

(a)     injunctive relief (pursuant to Wis. Stat. § 426.109);

(b)     declaratory relief;

(c)     attorneys' fees, litigation expenses and costs of suit; and

(d)     such other or further relief as the Court deems proper.

Dated:  November 24, 2025

By:     *Electronically signed by Daut Ademi*
        John D. Blythin (SBN 1046105)
        Daut Ademi (SBN 1122701)
        **ADEMI & FRUCHTER LLP**
        3620 East Layton Avenue
        Cudahy, WI 53110
        Phone No.: 414.482.8000
        Fax No.: 414.482.8001
        E-mail: jblythin@ademilaw.com
                dademi@ademilaw.com

# EXHIBIT A



DEPT 813    4266154025029
PO BOX 4115
CONCORD CA  94524

███████████████████████████

RETURN SERVICE REQUESTED

February 17, 2025
⣿⣿⣿⣿⣿⣿⣿⣿⣿⣿⣿⣿⣿⣿⣿⣿⣿⣿⣿

RONALD TESCH
2137 W COLLEGE AVE TRLR 335
OAK CREEK WI 53154-7612

**FINANCIAL RECOVERY SERVICES, INC.**

P.O. Box 21405
Eagan, MN 55121-1405
1-844-396-5418

Current Creditor: DISCOVER BANK
Regarding: DISCOVER CARD
Account Number: XXXXXXXXXXXX9203
Date Of Last Payment: 07/17/2023
Charge-Off Date: 03/31/2024

Total Balance Due: $5266.46
FRS File Number: █53V3
On-line PIN Number: ████████
(Used to access and view your file on  WWW.FIN-REC.COM)

******Payments are an option******

As you have not resolved this account, we are extending to you another option.

In an effort to allow you more time to get your finances in order, we will agree to accept $25.00 per month for the next three months.

At the end of the three months the arrangement will be reviewed and hopefully you will be able to pay the remaining balance in full.

To make a payment, please call us at the toll-free number listed below or utilize our on-line web payment solution at www.fin-rec.com using the on-line PIN number and FRS file number referenced above.

If you are sending your payment by overnight delivery, please use the following address: 1345 Mendota Heights Road, Suite 100, Mendota Heights, MN 55120.

Sincerely,

ANDREW POULTERER
Account Manager
Toll Free: 1-844-396-5418

This is an attempt to collect a debt.  Any information obtained will be used for that purpose.
This communication is from a debt collector.
**See reverse side for important information.**
Office hours are: Monday-Thursday 7am to 8pm CT; Friday 7am to 5pm CT; Saturday 7am to noon CT.

***Detach and return this portion of this notice with your payment***

| 1 OF 3 | 2 OF 3 | 3 OF 3 |
|---|---|---|
| FRS File #: █53V3 | FRS File #: █63V3 | FRS File #: █53V3 |
| ███████████ | ███████████ | ███████████ |
| 1-844-396-5418 | 1-844-396-5418 | 1-844-396-5418 |
| Balance due as of February 17, 2025: $5266.46 | Balance due as of February 17, 2025: $5266.46 | Balance due as of February 17, 2025: $5266.46 |
| Amount enclosed:_____ | Amount enclosed:_____ | Amount enclosed:_____ |
| Home phone:_____ | Home phone:_____ | Home phone:_____ |
| Work phone:_____ | Work phone:_____ | Work phone:_____ |
| Cell phone:_____ | Cell phone:_____ | Cell phone:_____ |
| Financial Recovery Services, Inc. | Financial Recovery Services, Inc. | Financial Recovery Services, Inc. |
| P.O. Box 21405 | P.O. Box 21405 | P.O. Box 21405 |
| Eagan, MN 55121-1405 | Eagan, MN 55121-1405 | Eagan, MN 55121-1405 |
| Letter Code Sent: 027 | Letter Code Sent: 027 | Letter Code Sent: 027 |



We are required under certain State and Local Laws to notify consumers of those States or Localities of the following rights. This list does not contain a complete list of the rights consumers have under Federal, State, or Local Laws.

## ADDITIONAL INFORMATION FOR CALIFORNIA RESIDENTS

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

This collection agency is licensed by the California Department of Financial Protection and Innovation. **The license number is 10582-99.**

### DISCLOSURE REQUIRED BY CALIFORNIA LAW

You have the right to know what personal information is being collected about you, to know if your personal information is sold or disclosed and to whom, to say no to the sale of personal information, to access your personal information, and to equal service and price. Federal and state laws prohibit us from disclosing information about your debt to third parties. Personal information is collected solely for the purpose of debt recovery and remains part of our records until we determine the information is no longer needed, or as otherwise required by law. We do not sell or share your personal information and we do not provide services or products to consumers that would involve consumer pricing.
We may collect the following categories of personal information:
- Identifying information;
- Personal information categories listed in California Customer Records Statute;
- Protected classification characteristics under California or Federal law;
- Internet or other electronic network activity information;
- Professional or employment-related information;
- Non-public education information (per the Family Educational Rights and Privacy Act;
You may read our Privacy Policy at www.fin-rec.com or request a written copy by contacting us.

## ADDITIONAL INFORMATION FOR COLORADO RESIDENTS

FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/ COLORADO OFFICE LOCATION: 27 NORTH WILLERUP, SUITE B, MONTROSE, CO 81401 LOCAL PHONE: 970-249-7514 TOLL-FREE PHONE: 1-866-436-4766
A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATIONS WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

## ADDITIONAL INFORMATION FOR MASSACHUSETTS RESIDENTS

If you wish to discuss this matter, please call us direct, between the hours of 8 a.m. and 5 p.m. CST, at the number listed on the front of this notice. Massachusetts resident office address is: 49 Winter St, Weymouth, MA 02189 with office hours: M-Th 10am-3pm.

**NOTICE OF IMPORTANT RIGHTS:** YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

## ADDITIONAL INFORMATION FOR MINNESOTA RESIDENTS

THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

## ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs. The license number is 1015506.

## ADDITIONAL INFORMATION FOR NORTH CAROLINA RESIDENTS

NC Company Number: 119500575 Address: 1345 Mendota Heights Road, Suite 100, Mendota Heights, MN 55120
NC Company Number: 515734809 Address: 870 Cottonwood Lane, Suite 600, Dakota Dunes, SD 57049
NC Company Number: 119501065 Address: 823 Belknap, Suite 205, Superior, WI 54880
Please direct all correspondence and payments to the following address: P.O. Box 21405, Eagan, MN 55121-1405

## ADDITIONAL INFORMATION FOR TENNESSEE RESIDENTS

This collection agency is licensed by the Collection Service Board of the State Department of Commerce and Insurance.

## ADDITIONAL INFORMATION FOR WISCONSIN RESIDENTS

This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.dfi.wi.gov.

## NOTICE TO ALL CONSUMERS

Our staff is trained to conduct themselves in a businesslike and professional manner, and to leave you with a positive experience in dealing with our Company. If you have a complaint, criticism, suggestion, or compliment about the way we are collecting this debt, please write to us at P.O. Box 21405, Eagan, MN 55121-1405, email us at compliance@fin-rec.com, submit on-line at www.fin-rec.com, or call us toll-free at (866) 438-2860 between 9am and 5pm CT Monday-Friday.
When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.